12-3117-cv
Collins v. Saratoga Cnty. Support Collection Unit

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT:   REENA RAGGI,
                     SUSAN L. CARNEY,
                               *Circuit Judges*,
                     JED S. RAKOFF,
                               *District Judge.*[*]

------------------------------------------------------------------------
EVERETT B. COLLINS, CHARLES E. COLLINS, III,
                     *Plaintiffs-Appellants*,

                                                              No. 12-3117-cv

                     v.

SARATOGA COUNTY SUPPORT COLLECTION UNIT, SARATOGA COUNTY ATTORNEY'S OFFICE, RICHARD A. KUPFERMAN, THE NEW YORK STATE DIVISION OF CHILD SUPPORT ENFORCEMENT,
                     *Defendants-Appellees*,

JOHN DOES #1–2, JANE DOES #1–2,
                     *Defendants*.
------------------------------------------------------------------------

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:   Everett B. Collins, Charles E. Collins, III, <u>pro se</u>, Troy, New York.

FOR APPELLEES:   Crystal R. Peck, Bailey, Kelleher & Johnson, P.C., Albany, New York, *for Appellees Saratoga County Support Collection Unit, Saratoga County Attorney's Office, and Richard Kupferman.*

          Barbara D. Underwood, Solicitor General, Laura Etlinger, Denise A. Hartman, Assistant Solicitors General, *on behalf of* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York, *for Appellee New York State Division of Child Support and Enforcement.*

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 3, 2012, is AFFIRMED.

Plaintiffs Everett B. Collins and Charles E. Collins, III, appeal <u>pro se</u> from the dismissal of their complaint pursuant to 42 U.S.C. § 1983 for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the challenged dismissal <u>de novo</u>, accepting the complaint's factual allegations as true and drawing all reasonable inferences in plaintiffs' favor. See <u>Famous Horse Inc. v. 5th Ave. Photo Inc.</u>, 624 F.3d 106, 108 (2d Cir. 2010). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

2

Although the complaint's factual allegations are presumed true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, while pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009), we are obliged to review pro se submissions with "special solicitude" and to interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (emphasis in original; internal quotation marks omitted).

Having independently reviewed the record and relevant case law, we conclude that plaintiffs' § 1983 complaint fails to state a claim for substantially the reasons articulated by the district court in its well-reasoned memorandum decision. Specifically, the procedural due process claims arising from the temporary suspension of Charles Collins's driver's license and the delay in disbursing child support funds due to Everett Collins are defeated by the availability of adequate pre- and post-deprivation administrative process under statute and regulation, see, e.g., N.Y. Veh. & Traf. Law § 510; N.Y. Comp. Codes R. & Regs., tit. 18, § 347.25, as well Article 78 judicial proceedings under New York law. Plaintiffs' equal protection claims fail for lack of the necessary allegations of unequal treatment as compared to similarly situated individuals. Moreover, the claim against attorney Kupferman—who assisted in the restoration of Charles Collins's driving privileges, only to find himself sued for civil rights violations—was properly dismissed in the absence of allegations showing Kupferman's personal involvement in any alleged constitutional violations.

3

To the extent plaintiffs urge the court to construe their complaint to allege violations of the Fourth Amendment and substantive due process, we hold any such claims forfeited for plaintiffs' failure to raise them, even in a general fashion, in opposition to dismissal in the district court. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008). In any event, the newly asserted claims are meritless. First, the suspension of Charles Collins's driving privileges was not a seizure within the meaning of the Fourth Amendment as it did not involve meaningful interference with his liberty or with his possessory interests in property. See Soldal v. Cook County, 506 U.S. 56, 61 (1992). Second, even if the alleged suspension of Charles Collins's driver's license and the delay in disbursing child support sums to Everett Collins were erroneous, these decisions were not "so outrageously arbitrary as to constitute a gross abuse of governmental authority," as required to state a substantive due process claim. Harlen Assocs. v. Village of Mineola, 273 F.3d 494, 505 (2d Cir. 2001) (internal quotation marks omitted); see also Kuck v. Danaher, 600 F.3d 159, 167 (2d Cir. 2010) (holding that substantive due process analysis does not entitle federal courts to examine "routine," if "vexatious," violations of state law).

Finally, the district court did not abuse its discretion in dismissing the complaint without allowing an opportunity to replead. While district courts should generally afford a pro se plaintiff at least one chance at amendment, such leave to amend is unnecessary when it would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, nothing in plaintiffs' complaint suggests that their pleading is merely inartful or underdeveloped. See

4

<u>id.</u>  Rather, the claims plainly fail as a matter of law.  Therefore, remanding for amendment would be futile.

We have considered plaintiffs' remaining arguments and reject them as without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5